IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEVENT SIKMAN,

    Plaintiff,

vs.                                                 Civ. No. 01-1131 JP/LFG

UNUM PROVIDENT CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On November 30, 2001, the Plaintiff filed a Motion to Remand (Doc. No. 9). Having reviewed the briefs and relevant law, the Court finds that the Motion to Remand should be denied.

A. Background

This case is based on the Defendant's termination of the Plaintiff's disability insurance benefits. The complaint alleges a breach of contract, bad faith, violation of the New Mexico Unfair Insurance Practices Act, and violation of the Unfair Practices Act. The complaint seeks compensatory, punitive, and statutory damages. The complaint, however, does not seek a specific amount of money damages.

The Plaintiff originally filed the case in state court. The Defendant then removed the case to federal court alleging diversity jurisdiction. The Plaintiff does not contest that there is diversity of citizenship. The Plaintiff, however, argues that the Defendant has not shown that the amount in controversy exceeds $75,000.00.

The Notice of Removal (Doc. No. 1) at ¶4 states that under the disability insurance policies at issue, the Plaintiff could be entitled to a monthly payment of $3,640.00 for the duration of the his life if he continues to be disabled and other conditions are met. The Plaintiff is only 48

years old. *See* Notice of Removal at ¶4. The Notice of Removal also states that a lifetime of future monthly payments of $3,640.00 plus punitive damages and statutory damages under the New Mexico Unfair Claims Practices Act and Unfair Trade Practices Act would exceed the amount in controversy. *Id.*

B. Discussion

The Plaintiff argues that the Defendant cannot demonstrate that the amount in controversy exceeds $75,000.00 by relying on future disability insurance payments. The Plaintiff contends that there is no way to know how long the Plaintiff would be entitled to benefits. The Plaintiff also argues that he is entitled to attorney's fees and costs under 28 U.S.C. §1447(c).

There is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). Consequently, "removal statutes are construed narrowly" and uncertainties in removal jurisdiction are resolved in favor of remand. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001)(citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). Since the Defendant is invoking diversity jurisdiction, the Defendant has the burden of establishing the requirements for diversity jurisdiction. *Id.* (citation omitted). The amount in controversy "must be affirmatively established on the face of either the [complaint] or the removal notice" and supported by the underlying facts. *Laughlin*, 50 F.3d at 873 (citations omitted). When "the plaintiff's damages are unspecified, courts generally require that a defendant establish the jurisdictional amount by a preponderance of the evidence." *Martin*, 251 F.3d at 1290 (citations omitted).

The Defendant argues that the Motion to Remand must fail because the Tenth Circuit in *Adams v. Reliance Standard Life Ins. Co.*, 225 F.3d 1179, 1183-84 (10th Cir. 2000) permitted

2

the use of future disability insurance payments in determining whether the requested damages exceeded the amount in controversy. The Court agrees with the Defendant. Following *Adams*, the Court concludes that based on the future disability insurance benefits alone, the Defendant has established the amount in controversy by a preponderance of the evidence. *See Adams*, 225 F.3d at 1184 (having taken into account the value of the disputed future benefits in determining the amount in controversy, the court found any other issues relating to the amount in controversy to be immaterial). The Motion to Remand will, therefore, be denied.

IT IS ORDERED that Plaintiff's Motion to Remand (Doc. No. 9) is denied.

_____
CHIEF UNITED STATES DISTRICT JUDGE